IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


LEROY KNARR,                                    3:11-CV-041-BR

      Plaintiff,

                                                OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

      Defendant.


MERRILL SCHNEIDER
Schneider Law Offices
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

      Attorneys for Plaintiff


1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**TERRYE ERIN SHEA**
Special Assistants United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA  98104-7075
(206) 615-2143

        Attorneys for Defendant


**BROWN, Judge.**

        Plaintiff Leroy Knarr seeks judicial review of a final

decision of the Commissioner of the Social Security

Administration (SSA) in which he denied Plaintiff's application

for Supplemental Security Income (SSI) under Title XVI of the

Social Security Act.  This Court has jurisdiction to review the

Commissioner's decision pursuant to 42 U.S.C. § 405(g).

        For the reasons that follow, the Court **REVERSES** the decision

of the Commissioner and **REMANDS** this matter pursuant to sentence

four of 42 U.S.C. § 405(g) for the immediate calculation and

award of benefits.


<u>**PROCEDURAL HISTORY**</u>

        Plaintiff filed his application for SSI payments on

January 26, 2005, alleging an onset date of October 25, 2002. Tr. 60-72, 75.[1]  The application was denied initially and on reconsideration.  Tr. 37-38, 47-49, 51-55.  An Administrative Law Judge (ALJ) held a hearing on June 7, 2007.  Tr. 257-84.  At the hearing, Plaintiff was represented by an attorney.  Tr. 257. Plaintiff and a vocational expert (VE) testified.  Tr. 260-83.

The ALJ issued an opinion on July 25, 2007, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 16-25.  That decision became the final decision of the Commissioner on May 16, 2008, when the Appeals Council denied Plaintiff's request for review.  Tr. 5-8.

On July 14, 2008, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.  On August 25, 2009, the Court issued its Opinion and Order remanding the matter for further administrative proceedings.  Tr. 302-26.

An ALJ held a second hearing on October 5, 2010, at which Plaintiff was represented by an attorney.  Tr. 414-22.  Plaintiff and a VE testified at the hearing.  Tr. 417-21.

The ALJ issued a second opinion on October 22, 2010, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 288-97.  That decision became the final decision of the Commissioner on May 16, 2008, when the

_____

[1]  Citations to the official transcript of record filed by the Commissioner on June 14, 2011, are referred to as "Tr."

3  -  OPINION AND ORDER

Appeals Council denied Plaintiff's request for review.  Tr. 5-8.
Plaintiff did not file exceptions to the ALJ's decision, and the
Appeals Council did not assume jurisdiction over the matter.
Thus, the decision of the ALJ became the final decision of the
Commissioner.  *See* 20 C.F.R. § 416.1484(d).

On January 13, 2011, Plaintiff filed his Complaint seeking
this Court's review of the Commissioner's decision.


## BACKGROUND

Plaintiff was fifty-three years old at the time of the most
recent hearing.  Tr. 37, 414.  Plaintiff completed his education
through the tenth grade and has difficulty reading and writing.
Tr 86, 265, 277.  Plaintiff has previously worked as a warehouse
laborer and as a temporary-service worker.  Tr. 260-61, 263, 271,
281.

Plaintiff has been diagnosed with chronic pain; degenerative
arthritis of the left shoulder, knee, and hip; severe
chondromalacia of the left patella; cartilage tear in his left
knee; sciatica; and degenerative disc disease of the cervical
spine.  Tr. 364, 393, 394, 399, 402, 406, 410.

Plaintiff struggled in school with an inability to read and
to write and spent his entire ten years in school in special-
education classes.  Tr. 174-75, 192.  Plaintiff has been
diagnosed with Borderline Intellectual Functioning, dysthymic

disorder, and a learning disorder.  Tr. 178, 197.

Plaintiff alleges he is disabled due to pain in his back, hips, knees, and left shoulder, all of which limit his ability to walk, to sit, to stand, to lift, to squat, to kneel, to remember, and to get along with others.  Tr. 107-12, 136, 265-66, 272-78. Plaintiff also alleges he is disabled due to his inability to read and to write.  Tr. 265, 277.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After reviewing the medical records, the Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 291-96.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec.
Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial
evidence means more than a mere scintilla, but less than a
preponderance, i.e., such relevant evidence as a reasonable mind
might accept as adequate to support a conclusion." *Robbins v.
Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal
quotations omitted).

The ALJ is responsible for determining credibility,
resolving conflicts in the medical evidence, and resolving
ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.
2001). The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision. *Robbins,*
466 F.3d at 882. The Commissioner's decision must be upheld even
if the evidence is susceptible to more than one rational
interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.
2005). The court may not substitute its judgment for that of the
Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential

inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related

physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 416.920(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Tackett v.*

*Apfel*, 180 F.3d 1094, 1098 (9ᵗʰ Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).


## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 4, 2005.  Tr. 290.

At Step Two, the ALJ found Plaintiff has the following severe impairments:  left shoulder degenerative joint disease, left knee degenerative joint disease, right knee degenerative joint disease, dysthymia, and, until 2005, drug abuse.  Tr. 290.

At Step Three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals a Listed Impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 23-24.  The ALJ found Plaintiff has the RFC to

> [p]erform light work as defined in 20 CFR
> 416.967(b) except work should require no
> reading.  He is limited to simple, routine
> tasks.  He can walk and stand 6 hours out of
> an 8-hour day and sit 6 hours out of an 8-
> hour day.  He is limited to less than
> occasional overhead reaching with the non-
> dominant arm.  He can lift 20 pounds with the
> right arm and 10 pounds with the left arm.

Tr. 292.


9 - OPINION AND ORDER

At Step Four, the ALJ concluded Plaintiff does not have any past relevant work. Tr. 296.

At Step Five, the ALJ concluded Plaintiff has a sufficient RFC to perform jobs that exist in significant numbers in the national economy. Tr. 296-97. Specifically, the ALJ found Plaintiff has the ability to perform jobs such as a small-products assembler, electronics worker, and microfilm-document preparer. Tr. 297. Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to Social Security benefits. Tr. 297.

## DISCUSSION

Plaintiff contends the ALJ erred by (1) finding at Step Three that Plaintiff did not meet or equal Listed Impairment 12.05C for Mental Retardation and (2) failing to include Plaintiff's inability to write in his assessment of Plaintiff's RFC.

In his Response the Commissioner disputes Plaintiff's contention that the ALJ erred at Step Three when he concluded Plaintiff's impairments do not meet or equal a Listed Impairment. The Commissioner, however, concedes the ALJ erred in his assessment of Plaintiff's RFC by failing to include Plaintiff's inability to write. The Commissioner contends a remand for further administrative proceedings is necessary to permit the ALJ

to address Plaintiff's RFC and to obtain supplemental VE
testimony concerning Plaintiff's ability to perform jobs that
exist in significant number in the national economy.  Based on
his concession, the Commissioner argues the only issue for the
Court is to determine whether a remand for further administrative
proceedings or for the calculation of benefits is appropriate.

Plaintiff, in turn, maintains he has met his burden on this
record to show his mental impairments meet Listed Impairment
12.05C for Mental Retardation, and, therefore, further
proceedings would only unnecessarily delay an award of benefits
because Plaintiff is disabled under Social Security Regulations.

**I.   Listing 12.05C.**

Plaintiff contends the ALJ erred when he concluded
Plaintiff's mental impairments do not meet or equal any Listed
Impairment.  Specifically, Plaintiff contends he meets Listing
12.05C, which provides:

> 12.05 Mental retardation:  Mental
> retardation refers to significantly
> subaverage general intellectual functioning
> with deficits in adaptive functioning
> initially manifested during the developmental
> period; *i.e.*, the evidence demonstrates or
> supports onset of the impairment before age
> 22.
>
> 1. The required level of severity for this
> disorder is met when the requirements in A,
> B, C, or D are satisfied.
>
>                * * *
>
> C. A valid verbal, performance, or full

> scale IQ of 60 through 70 and a physical
> or other mental impairment imposing an
> additional and significant work-related
> limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1.

In reaching his conclusion that the Plaintiff's impairments do not meet or equal any Listed Impairments, the ALJ did not specifically address Listing 12.05C but instead addressed Listing 1.02 relative to Plaintiff's knee impairments and Listing 12.04 for affective disorders.  Tr. 291.

In order to meet his burden to show that he meets Listing 12.05C,

> plaintiff is required to demonstrate the
> following:  (1) significantly subaverage
> general intellectual functioning with
> deficits in adaptive functioning with an
> onset before age 22; (2) a valid verbal,
> performance, or full scale IQ of 60 to 70;
> and (3) a physical or other mental impairment
> imposing an additional and significant
> work-related limitation of function.

*Pedro v. Astrue*, No. 10-6047-MA, 2011 WL 1100214, at *3-4 (D. Or. Mar. 23, 2011).  *See also Stanard v. Astrue*, No. 11-6090-AA, 2012 WL 775270, at *5-6 (D. Or. March 5, 2012).  Plaintiff contends the objective medical evidence in the record establishes that his mental impairments meet each of the criteria for Listing 12.05C.

**A.   First and Third Elements of Listing 12.05C.**

Plaintiff contends the record reflects he meets the first and third elements of the 12.05C Listing, and the Commissioner does not dispute Plaintiff's contention.  With respect to the

12 -  OPINION AND ORDER

onset of Plaintiff's mental impairments,

> [a] showing of early onset for purposes of
> Listing 12.05C does not require clinical or
> IQ tests. *Lewis v. Astrue*, No. C06-6608SI,
> 2008 WL 191415, *7 (N.D. Cal. Jan. 22, 2008).
> A claimant may use circumstantial evidence to
> demonstrate adaptive functioning deficits,
> such as "attendance in special education
> classes, dropping out of high school prior to
> graduation, difficulties in reading, writing
> or math, and low skilled work history."
> *Campbell v. Astrue*, No. 1:09-CV-00465GSA,
> 2011 WL 444783, *17 (E.D. Cal. Feb. 8, 2011);
> Gomez, 695 F. Supp. 2d at 1058-59.

*Pedro*, 2011 WL 1100214, at *5.

Indeed, the record demonstrates Plaintiff suffered from his mental impairments well before the age of 22 and as early as elementary school when he was required to attend special-education classes. Tr. 86, 174-76, 192. Plaintiff stated he dropped out of high school after the tenth grade and attested to his ongoing inability to read and write. Tr. 86, 265, 277. This is sufficient circumstantial evidence to meet the first element of the test for Listing 12.05C. *See Id*.

In addition, the ALJ concluded Plaintiff has other physical impairments, including impairments of the left shoulder and both knees, that significantly limit Plaintiff's work-related functional capacity as reflected in the ALJ's Step Two and Step Three findings. Tr. 290, 292. Accordingly, the Court concludes Plaintiff has also met his burden with respect to the third element of the test for Listing 12.05C.

**B.    Second Element of Listing 12.05C.**

The Commissioner contends Plaintiff has not satisfied his burden to prove he has a "a valid verbal, performance, or full scale IQ of 60 to 70." Specifically, the Commissioner contends (1) Plaintiff has not been diagnosed as mentally retarded and (2) Plaintiff's Verbal IQ score of 69 is not "valid" for purposes of Listing 12.05C.

**1.    Formal Diagnosis of Mental Retardation.**

Although the Commissioner maintains a formal diagnosis of mental retardation is required to meet Listing 12.05C, he does not cite any authority beyond the Listing itself to support his position.  This court has held to the contrary:

> The Commissioner argues that Listing 12.05C requires plaintiff to "meet the diagnostic description of mental retardation," and that therefore, a diagnosis of mental retardation is a prerequisite to meet Listing 12.05C.  According to the Commissioner, because plaintiff does not have a diagnosis of mental retardation, she cannot meet the listing.  I disagree.
>
> Although the Ninth Circuit has not yet ruled on this issue, the Eighth Circuit and several other district courts within the Ninth Circuit, including the District Court of Oregon, have determined that a formal diagnosis of mental retardation is not required to meet Listing 12.05C.  *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006) (finding that formal diagnosis of mental retardation is not required); *Christner v. Astrue*, 498 F.3d 790, 793 (8th Cir. 2007)(same); *Stokes v. Astrue*, No. 09-1264-PK, 2011 WL 285224, *8-9 (D. Or. Jan. 11, 2011), adopted in full, 2011 WL 284433

(D. Or. Jan. 24, 2011) (same); *Frazier v. Astrue*, No. CV-09-3063-CI, 2010 WL 3910331, *4 (E.D. Wash. Oct. 4, 2010)(same); *Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1057-58 (C.D. Cal.2010) (same); *Applestein-Chakiris v. Astrue*, No. 09CV00009BTM, 2009 WL 2406358, *8 (S.D. Cal. Aug. 5, 2009) (same).

These courts have concluded that the regulation itself does not require a diagnosis; instead, the text requires a claimant to satisfy the diagnostic description in the introductory paragraph and one of the criteria set forth in parts A through D. *See, e.g., Maresh*, 438 F.3d at 899; *Miller v. Astrue*, No. CV-09-337-HA, 2010 WL 3824079,* 3 (D. Or. Sept. 23, 2010). This conclusion is supported by the introduction to the mental health listings which provides:

> The structure of the listing for mental retardation (12.05) is different from that of the other mental disorders listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for mental retardation.  It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description *in the introductory-paragraph* and any one of the four sets of criteria, we will find that your impairment meets the listing. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00A (emphasis added).

*Pedro*, 2011 WL 1100214, at *3 (concludes the ALJ erred by requiring a diagnosis of mental retardation to meet Listing 12.05C).

Thus, even though Plaintiff has been diagnosed with Borderline Intellectual Functioning and the record does not reflect Plaintiff has been diagnosed with mental retardation, the

Court continues to hold a formal diagnosis of mental retardation is not required to meet Listing 12.05C.  Nonetheless, the Commissioner also points out that the record reflects Plaintiff's examining psychologists disagreed about the diagnosis of Borderline Intellectual Functioning.  "[T]he various labels that psychologists use to describe [a claimant's] intellectual capacity [, however] are not particularly relevant." *Stokes v. Astrue*, No. 09-1264-PK, 2011 WL 285224, at *9 (D. Or. Jan. 11, 2011), adopted in full, 2011 WL 284433 (D. Or. Jan. 24, 2011)(The second element is "satisfied purely by a claimant's IQ scores, irrespective of the particular language used to describe the claimant's mental status.").

### 2.   Valid IQ Score between 60 and 70.

To meet the second element of the test for Listing 12.05C, Plaintiff bears the burden to prove that he has a valid IQ score between 60 and 70.  When determining whether a claimant meets Listing 12.05C, the Commissioner must use the lowest IQ score in the Wechsler series.  20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(D)(6)(c).  *See also Stanard*, 2012 WL 775270, at *6.

On March 23, 2005, clinical psychologist M. John Givi, Ph.D./Psy.D., performed an intellectual assessment of Plaintiff that included the Wechsler Memory Scale III and the Wechsler Adult Intelligence Scale III.  Tr. 173-79.  Dr. Givi also considered Plaintiff's developmental, educational, vocational,

medical, psychiatric, and drug and alcohol histories.  Tr. 173-
75.  Based on his examination, Dr. Givi assessed Plaintiff with a
Verbal IQ score of 69 (extremely low), a Performance IQ score of
92 (average), and a Full Scale IQ of 78 (borderline) and
diagnosed Plaintiff as Borderline Intellectual Functioning.
Tr. 179.  In reaching the conclusion that Plaintiff's verbal IQ
score is 69, Dr. Givi noted a high confidence interval (95%
certain that Plaintiff's verbal IQ is between 65 and 75).
Tr. 175.  The ALJ gave this evaluation by Dr. Givi "significant
weight" and did not otherwise discount any aspect of Dr. Givi's
assessment (in fact, the ALJ noted without discrediting
Dr. Givi's assessment of Plaintiff's verbal IQ as 69).  Tr. 290,
295.

        Although the verbal IQ score of 69 is facially
sufficient to satisfy the second element of the test for Listing
12.05C, the Commissioner contends the psychological evaluation by
Tracey Hoffman, Psy.D., undermines the validity of Dr. Givi's
assessment.  Dr. Hoffman performed an evaluation of Plaintiff on
April 13, 2005, and performed the Wechsler Memory Scale III, the
Wechsler Adult Intelligence Scale III, the Wide Range Achievement
Test 3, the Test of Memory Malingering, and the Minnesota
Multiphasic Personality Inventory.  Tr. 189-98.  Dr. Hoffman also
reviewed and considered the results of Dr. Givi's evaluation.
Tr. 190.  Similar to Dr. Givi, Dr. Hoffman noted Plaintiff's

17 -  OPINION AND ORDER

language functioning was a weakness, including word recognition and pronunciation at a roughly second-grade level and spelling at roughly a first-grade level (ability limited to spelling three-letter words). Tr. 195. The ALJ also gave the evaluation by Dr. Hoffman "significant weight." Tr. 295.

Although the Commissioner contends Dr. Hoffman's assessment undermines Dr. Givi's assessment of Plaintiff's IQ, Dr. Hoffman referenced the verbal IQ score of 69 assessed by Dr. Givi, and, indeed, Dr. Hoffman concluded her assessment of Plaintiff's IQ scores were "commensurate" with Dr. Givi's findings. Tr. 195-96. As noted, Dr. Hoffman expressly differed on the diagnosis of Borderline Intellectual functioning based on the deviation between Plaintiff's verbal (69) and performance (92) IQ scores, a deviation explicitly recognized by Dr. Givi in his evaluation. Tr. 176-77, 196. This dispute over the particular diagnosis, however, does not control the analysis under Listing 12.05C. Ultimately both psychologists assessed a verbal IQ score of 69, which is sufficient to satisfy the second element of the test for Listing 12.05C.

In summary, the Court concludes the ALJ erred when he failed to assess whether Plaintiff's mental impairments meet or equal Listing 12.05C. Based on the evaluations by Drs. Givi and Hoffman, the Court concludes the record reflects Plaintiff has satisfied his burden to show that his mental impairment meets

18 - OPINION AND ORDER

each of the elements of Listing 12.05C.  Accordingly, Plaintiff is disabled at Step Three of the sequential analysis under Social Security Regulations and, therefore, is entitled to benefits. *See* 20 C.F.R. § 416.920(a)(4)(iii)("If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.").

Because the Court has determined Plaintiff is disabled on this ground, the Court need not address Plaintiff's remaining arguments, and the matter should be remanded to the Commissioner for an immediate calculation of benefits.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits.

IT IS SO ORDERED.

DATED this 9th day of April, 2012.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge